IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELODY L.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-cv-02435-BU |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § | |
| | § | |
| Defendant. | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Melody Lopez seeks judicial review of a final adverse decision of the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g). Dkt. No. 1. This case was automatically referred to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Special Order No. 3-350. Both parties have since consented to proceed before a magistrate judge. *See* Dkt. Nos. 4, 12.

For the reasons explained below, the Court VACATES the Commissioner's decisions and REMANDS the case for further administrative proceedings.

## I. JURISDICTION

The Court has subject matter jurisdiction under 42 U.S.C. § 405(g). Venue is proper in the United States District Court, Northern District of Texas, Dallas Division, because Plaintiff resides in Dallas County, Texas. 42 U.S.C. § 405(g); Dkt. No. 1-1 at 1. The

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

undersigned has the authority to enter this Order and exercise the full authority of this Court after the parties consented to the undersigned exercising jurisdiction. Special Order No. 3-350 (N.D. Tex. Sept. 11, 2023).

## II.  FACTUAL BACKGROUND

Plaintiff alleges a disability that began on January 1, 2023.[2] Administrative Record, Dkt. No. 9 (Tr.) at 16. Plaintiff claims her disability is a product of variety of ailments, including carpal tunnel syndrome, osteoarthritis, rheumatoid arthritis, fibromyalgia, obesity, bipolar I disorder, generalized anxiety disorder, and post-traumatic stress disorder (PTSD). *Id*.; Dkt. No. 14 at 4.

Plaintiff was born on September 3, 1974, and was forty-eight years old on the alleged disability onset date. Tr. at 24. She has obtained at least a high school education. *Id*. Prior to the onset of her disability, Plaintiff worked as a customer service clerk, waiter, housekeeper, home attendant, motel desk clerk, and a merchandiser. *Id*.

On December 3, 2021, Plaintiff applied for a period of disability and disability insurance under Title II of the Social Security Act (Act). Tr. at 13. Plaintiff also filed a Title XVI application for supplemental security income on December 6, 2021. *Id*. The Commissioner denied Plaintiff's claims on October 12, 2022, and again upon reconsideration on July 5, 2023. *Id*. After holding a telephone hearing on December 11, 2023, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff disability

---

[2] Plaintiff has amended her disability onset date twice since her initial filing. Dkt. No. 14 at 3. Initially, she alleged her disability began on April 1, 2020. *Id*. She then amended it, to allege an onset date of April 29, 2021. *Id*. In her second and most recent amendment, she alleges that her disability began on January 1, 2023. *Id*.

benefits on April 16, 2024. *Id*. at 10. Plaintiff then requested the Appeals Council (AC) review that decision and the AC denied this request on August 7, 2024. *Id*. at 1–7.

### III.  PROCEDURAL HISTORY

#### A.  ALJ's Decision

The ALJ conducted a telephone hearing to review the denial of Plaintiff's application and determine whether Plaintiff was disabled under the Act. *Id*. at 38-83. Shortly after this hearing, the ALJ found that Plaintiff was not disabled.[3] *Id*. at 10-32. In doing so, the ALJ made the following findings (1) Plaintiff satisfied the insured status requirements through December 31, 2025, (2) Plaintiff had not engaged in substantial gainful activity since January 1, 2023, (3) Plaintiff had the following severe impairments: osteoarthritis, carpal tunnel syndrome, rheumatoid arthritis with diagnosis of fibromyalgia, obesity, bipolar I disorder, generalized anxiety disorder, and PTSD, and (4) none of these impairments, alone or in combination, meets or medically equals the severity of one of the listed impairments in the Social Security Regulations. *Id*. at 16-17.

Considering these impairments, the ALJ determined that Plaintiff had a residual functioning capacity (RFC) to perform light work but limited in that Plaintiff could:

> lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours and stand/walk for 6 hours in an 8 hour workday. She can frequently operate foot controls; frequently reach, handle, finger, and feel; and frequently climb, stoop, kneel, crouch, and crawl. The claimant cannot work at unprotected heights. She can understand, remember and carry out detailed but not complex instructions and make detailed but not complex work-related decisions. The claimant can deal with changes in a routine or static work setting. She can tolerate occasional interaction with the public

---

[3] As discussed below, the Commissioner employs a five-step analysis to determine whether claimants are disabled under the Social Security Act.

>and requires work that is performed independently of others (i.e. no teamwork or work requiring coordination with others as to job functions). The claimant requires a 5-minute break every one hour of work.

*Id*. at 18.

Based on this RFC, the ALJ then concluded that Plaintiff can perform her past work as a housekeeper. *Id*. at 24. Thus, the ALJ determined that Plaintiff was not disabled. *Id*.

Plaintiff appealed the ALJ's decision to the AC. *Id*. at 1-7. The AC found that the new evidence did not show a reasonable probability that it would change the ALJ's decision. *Id*. It did not exhibit the evidence, and it denied review. *Id*. Plaintiff subsequently filed this action in federal district court.

    **B.**     **Plaintiff's Challenge**

Plaintiff challenges the ALJ's RFC determination, arguing that it is not supported by substantial evidence. Dkt. No. 14. Specifically, Plaintiff argues that the ALJ included limitations in the RFC that went beyond those articulated in the medical opinions. Therefore, Plaintiff contends, the ALJ was required to obtain a medical opinion which supported the new limitations. According to Plaintiff, the ALJ erred when he instead opted to "play doctor" and impose these limitations without independent medical evidence.

## IV. LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

Although a claimant bears the burden of establishing whether they meet the requirements for a disability, an ALJ's finding that a claimant has not satisfied their burden must be based on substantial evidence. *See, e.g.*, *Belk v. Colvin*, 648 F. App'x 452 (5th Cir. 2016) (per curiam). And judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)). A reviewing court "may

affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant can perform. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## V.  DISCUSSION

The Plaintiff argues that remand is appropriate because certain limitations within the ALJ's RFC determination were not supported by substantial evidence.[4] The Commissioner maintains that the ALJ's RFC finding was properly supported by substantial evidence in the form of medical opinions, testimony, and documentary evidence.

A. **ALJ's RFC Finding**

To review, the ALJ determined Plaintiff, on a sustained basis, could:

lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours and stand/walk for 6 hours in an 8 hour workday. She can frequently operate foot controls; frequently reach, handle, finger, and feel; and frequently climb, stoop, kneel, crouch, and crawl. The claimant cannot work at unprotected heights. She can understand, remember and carry out detailed but not complex instructions and make detailed but not complex work-related decisions. The claimant can deal with changes in a routine or static work setting. She can tolerate occasional interaction with the public and requires work that is performed independently of others (i.e. no teamwork or work requiring coordination with others as to job functions). The claimant requires a 5-minute break every one hour of work.

*Id*. at 18.

In reaching this conclusion, the ALJ found the findings of Dr. Stephen Gerrish generally persuasive.[5] Gerrish did not find that the Plaintiff was obese, nor did he conclude that she had any postural limitations.[6] Tr. at 140, 143. The ALJ explained that the RFC to some

---

[4] Plaintiff challenges the ALJ's physical and mental limitations within the RFC. However, because the Court finds that the limitations associated with the Plaintiff's obesity are not supported by substantial evidence, it will not address the additional issues Plaintiff raises in her brief.

[5] The ALJ found the medical opinion of Dr. Leigh McCary unpersuasive. Tr. at 22-23. McCary's opinion was similar to that of Gerrish's with the exception that McCary found that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently. Tr. at 120.

[6] In his opinion, the ALJ refers to Dr. Gerrish as the "Disability Determination Service (DDS) physician." Tr. at 22 (citing Exhibits B6A, B9A).

extent adopted differing work-related restrictions than those contained in Gerrish's report. Tr. at 23. Most relevant here, the ALJ found that Lopez could frequently operate foot controls, reach, feel, climb, stoop, kneel, crouch, and crawl, and she could not work at unprotected heights. *Id*. These additional limitations the ALJ found were also consistent with the "agility associated with obesity, which was not addressed by [Dr. Gerrish]." *Id*.

### B. Analysis

An individual's RFC represents what they can do on a regular basis in a work setting, despite their limitations.[7] *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). The ALJ is responsible for making the RFC determination. 20 C.F.R. § 416.946(c). When making this finding, the ALJ must conduct a function-by-function assessment based upon all the evidence in the record and consider both exertional and nonexertional factors. *Lozano v. Comm'r, Soc. Sec. Admin.*, No. 4:21-CV-1365-P, 2023 WL 2618132, at *3 (N.D. Tex. Mar. 2, 2023), *report and recommendation adopted*, No. 4:21-CV-01365-P, 2023 WL 2619311 (N.D. Tex. Mar. 23, 2023). When reviewing the evidence, the ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Fontenote v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016).

The ALJ's RFC finding only warrants remand if it was not supported by substantial evidence. An ALJ "may not—without opinions from medical experts—derive the applicants [RFC] based solely on the evidence of his or her claimed medical conditions."

---

[7] A continuing basis constitutes an eight-hour day, five days a week, or an equivalent schedule. *Lozano v. Comm'r, Soc. Sec. Admin.*, No. 4:21-CV-1365-P, 2023 WL 2618132, at *3 (N.D. Tex. Mar. 2, 2023), *report and recommendation adopted*, No. 4:21-CV-01365-P, 2023 WL 2619311 (N.D. Tex. Mar. 23, 2023).

*Fleming v. Saul*, No. SA-19-CV-00701-ESC, 2020 WL 4601669, at *4 (W.D. Tex. Aug. 10, 2020). Therefore, remand is required if "the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC[.]" *Garcia v. Berryhill*, No. EP-17-CV-00263-ATB, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018); *see also Melvin v. Astrue*, 2010 WL 908495 (N.D. Miss. 2010) (noting that the ALJ is afforded discretion regarding their review of facts and evidence but they are not qualified to interpret raw medical data).

1. <u>ALJ's limitations were not supported by substantial evidence</u>

Here, the ALJ limited the claimant to frequently operating foot controls; frequently climbing, stooping, kneeling, crouching, and crawling; and not working at unprotected heights. Dr. Gerrish's medical opinion, the one the ALJ found persuasive, did not impose these limitations. Rather, the ALJ independently found them necessary to reflect the "agility associated with obesity, which was not addressed by the DDS physician." Tr. at 23.

Though the RFC does not need to "mirror or match a medical opinion," it must be supported by substantial evidence in the record. *Amy Y. v. Comm'r of Soc. Sec.*, No. 5:22-CV-245-BQ, 2023 WL 5209813, at *4 (N.D. Tex. July 25, 2023), *report and recommendation adopted*, No. 5:22-CV-0245-C-BQ, 2023 WL 5216497 (N.D. Tex. Aug. 14, 2023). That evidence must not only support the existence of the medical impairment but support the ALJ's conclusion that the impairment limits the claimant to a particular RFC. *See Ripley*, 67 F.3d at 557 (finding that the RFC was not properly supported because, though the record supported the finding of an impairment, there was nothing to establish the effect that impairment had on claimant's ability to work).

Obesity, alone, is not a listed impairment. SSR 19-2p. However, obesity may aggravate a coexisting or related impairment to the extent that, when viewed together, the two in combination equals a listing. *See id*. (noting that "[o]besity increases stress on weight-bearing joints and may contribute to limitation of range of motion[.]"). Accordingly, an ALJ is required to "consider the limiting effects of obesity when assessing a person's RFC[.] *Id*. If the ALJ determines that the claimant's obesity requires certain RFC limitations, the ALJ must explain how they arrived at this determination and may not rely on its general functional effect and cannot assume that obesity has a general functional effect. *Id*.

Here, there may be evidence that Plaintiff is obese but there is nothing in the record to support that this obesity warrants the additional limitations imposed. Though the ALJ believed the additional limitations reflected the agility typical of obesity, "common sense can mislead" and "lay intuitions about medical phenomena are often wrong." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Further, the ALJ's reliance on a general understanding of a possible consequence of obesity does not constitute the "individualized assessment of the effect of obesity on a person's functioning" required under the regulations. *Arevalo v. Kijakazi*, No. EP22CV00148FMATB, 2023 WL 5123318 at *3 (W.D. Tex. July 25, 2023), *report and recommendation adopted*, No. EP22CV00148FMATB, 2023 WL 5122526 (W.D. Tex. Aug. 10, 2023). Indeed, "[s]imply because a claimant is obese does not mean that he suffers from any limitations *caused* by his **obesity**. *Hess v. Kijakazi*, No. 9:21-CV-00111-MAC, 2023 WL 4153208 at *7 (E.D. Tex. April. 11, 2023), *report and recommendation adopted sub nom. Hess V. Comm'r of*

*Soc. Sec. Admin.*, No. 9:21-CV-111, 2023 WL 3775063 (E.D. Tex. June 1, 2023) (emphasis in original).

Considering the lack of medical evidence as to the Plaintiff's obesity, the Court cannot find that the postural limitations were supported by substantial evidence.[8] The ALJ was required to obtain a report from a qualified medical expert assessing how Plaintiff's obesity affected her work capacity. *See Lozano*, 2023 WL 2618132, at *6. Therefore, the ALJ erred when he failed to fully develop the record.

    2.  <u>The ALJ's failure to develop the record prejudiced the plaintiff</u>

However, "procedural perfection is not required" and remand is not warranted unless a plaintiff was prejudiced by the Commissioner's error. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). An ALJ's failure to develop the record results in prejudice if the additional evidence that would have been produced had the ALJ fully developed the record, might have led to a different conclusion. *Bowles v. Comm'r of Soc. Sec.*, No. 7:20-CV-00112-O-BP, 2021 WL 7451148 (N.D. Tex. Oct. 19, 2021), *report and recommendation adopted,* No. 7:20-CV-00112-O-BP, 2022 WL 768546 (N.D. Tex. Mar. 14, 2022) (citing *Ripley*, 67 F.3d at 558 n. 22). Courts in this District commonly find prejudice where the ALJ erred by failing to rely on medical evidence when determining a plaintiff's RFC. *See Amy Y.*, 2023 WL 5209813 at * 7 (collecting cases).

---

[8] The Commissioner does not directly address this RFC finding in its briefing. Instead, it cites to the ALJ's discussion of Plaintiff's medical records regarding the exertional findings and mental limitations. Dkt. No. 18 at 5-6.

Plaintiff asserts that this error was prejudicial because, had the ALJ obtained an additional medical report, it is conceivable that the report could have led the ALJ to a different result.[9] Here, the ALJ determined Plaintiff's obesity caused her certain limitations without relying on medical evidence. The requisite evidence would have included "records regarding the conditions of a claimant's weight-bearing joints and the range of motion of his skeletal spine and extremities are relevant to the evaluation of any postural abilities, including the abilities to balance, stoop, and kneel." *Arevalo*, 2023 WL 512318 at * 5. Because such findings could have led to the conclusion that Plaintiff's obesity warranted further limitations, the Plaintiff was prejudiced by the error.

## VI.  CONCLUSION

For these stated reasons, the Court VACATES the Commissioner's prior decision and REMANDS the case to the Social Security Administration for further review.

ORDERED this 21st day of May 2025.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

---

[9] Commissioner cites to *Wills v. Kijakazi*, to suggest that additional limitations, even those that lack evidentiary support, are favorable to the claimant and thus do not prejudice them. No. 22-20609, 2023 WL 4015174 (5th Cir. June 14, 2023). First and foremost, *Wills* affirmed the Commissioner's decision because, unlike here, there was medical evidence to support the ALJ's RFC. For these reasons, the Fifth Circuit's implication that additional limitations should be construed as favorable to the plaintiff, does not alter this Court's finding. Further, in citing *Wills*, the Commissioner fails to address the body of caselaw which stands for the opposite proposition. *See Thornhill v. Colvin*, No. 3:14-CV-335-M, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015) (holding that additional limitations do not "give the plaintiff the benefit of the doubt" and can be prejudicial); *Amy Y.*, 2023 WL 5209813 at *5 (same); *Ojeda v. Commissioner of Soc. Sec.*, No. 3:24-CV-00431-BJ, 2024 WL 3625678 *3 (N.D. Tex. July 31, 2024) (same); *El Neil v. Comm'r of Soc. Sec.*, No. 4:23-CV-00473-BP, 2024 WL 265870 (N.D. Tex. Jan. 24, 2024) (same).